In re: the ESTATE OF Howard
SMITH, Deceased.

Appeal of: George B. Handelsman.

Superior Court of Pennsylvania.

Argued Feb. 15, 2006.

Filed June 30, 2006.

George B. Handelsman, appellant, Pro Se.

Timothy F. Burke, Jr., Pittsburgh, for appellee.

BEFORE: FORD ELLIOTT, P.J.,
DEL SOLE, P.J.E. and JOYCE, J.

OPINION BY DEL SOLE, P.J.E.:

¶ 1 George B. Handelsman, Esquire, appeals from the Decree of Distribution entered by the trial court denying him all attorney's fees except $500.00 for his representation of Patrick Randall, administrator of the estate of Howard J. Smith, deceased. We affirm.

¶ 2 The trial court set forth the facts of this case as follows:

The decedent, Howard J. Smith, died December 26, 2001. At the time of his death, all his assets were jointly owned with his wife, Evelyn Smith, and passed to her by operation of law. [ ]

The only factual wrinkle is that, sometime after Decedent's death, [Mr. Randall] attempted to gain access to a safe deposit box (the "Box") at Allegheny Valley Bank (the "Bank"). Allegedly, a Bank official denied him access to the Box because the Bank was not presented with sufficient proof, in its opinion, that Mrs. Smith jointly owned the Box. It is also alleged that, at least initially, the Bank was unable to locate its own records that would have resolved the issue. In response, [Appellant] prepared an application for letters of administration c.t.a. on behalf of Patrick Randall, who also was the plenary guardian of the person and estate of Evelyn Smith, an incapacitated person, which letters were granted by the Register of Wills. Thereafter, possessed with a "short certificate," [Appellant] was granted access to the Box. He received a fee of $11,250 for his representation of the administrator c.t.a. (The administrator c.t.a. also took a fee of $11,250 commission, for total fees and commissions of $22,500.)

Subsequently, the Court appointed a guardian *ad litem*, Timothy Burke, Esq., on behalf of Mrs. Smith, who had been adjudicated incapacitated in proceedings at No. 8489 of 2001. Mr. Burke, through service of a subpoena on the Bank, obtained records that showed that Mrs. Smith was the joint owner of the Box. Additionally, a safe deposit inventory filed with the Pennsylvania Department of Revenue, prepared by [Appellant] before he opened the estate, also indicated joint ownership of the Box.

Trial Court Opinion, 4/19/05, at 1–2.

¶ 3 Following an audit hearing held on October 18, 2004, the trial court found that it was unnecessary for Mr. Randall to obtain letters of administration c.t.a. in the decedent's estate because all of the decedent's property passed to Mrs. Smith by operation of law. The trial court concluded there was no justification for Appellant's receipt of $11,250.00, as the estate had no probate assets and therefore did not need to be opened. However, based on the initial uncooperative nature of the bank in permitting access to the Box, the trial court awarded Appellant $500.00 for his efforts in assisting Mr. Randall in gaining access to the Box and denied all other compensation. This timely appeal followed wherein Appellant presents the following two issues for our review:

1. Did the lower Court abuse its discretion and/or commit an error at law by failing to award reasonable attorney's fees to Appellant based on the evidence presented during the audit hearing?

2. Did the lower Court abuse its discretion and/or commit an error at

law in considering testimony and documentation which was not properly offered into evidence?

Appellant's Brief at 7.

¶ 4 Appellant first claims that the trial court abused its discretion by failing to award reasonable attorney's fees "based on the evidence presented during the audit hearing[.]" Appellant's Brief at 7. Appellant argues that because the trial court appointed Mr. Burke as guardian *ad litem* for Mrs. Smith and accepted his report into evidence without objection, it should abide by Mr. Burke's recommendations and award Appellant between $5,000.00 and $6,960.00 for the services he performed in relation to Howard J. Smith's estate. We disagree.

¶ 5 Our standard of review of an orphans' court decree is as follows:

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of the discretion. However, we are not constrained to give the same deference to any resulting legal conclusions.

*In re Estate of Rosser*, 821 A.2d 615, 618 (Pa.Super.2003) (citations and quotations omitted).

¶ 6 Presently, while it is true that Attorney Burke's report concluded that Appellant was entitled to between $5,000 and $6,960, Appellant fails to point out that the report was based on Attorney Burke's assumption that the deposit box was titled only to Howard J. Smith, thereby requiring its contents to be probated. Attorney Burke's report was admitted into evidence during the May 14, 2004, hearing. At that hearing, Attorney Burke testified that prior to completing his report he had been unable to determine if the safe deposit box was titled to Mr. and Mrs. Smith jointly; however, he noted that for purposes of his report he "assumed the safe deposit box was owned by Howard Smith alone[.]" N.T., 5/14/04, at 16. He further explained that the determination of how the Box was titled was important because, "there was over $40,000 in cash contained in the safe deposit box, and had it been owned jointly it would have been possible to argue or take the position for purposes of the balance of the administration that the cash was jointly owned and there was no administrative estate to take care of." *Id.* at 16–17.

¶ 7 At the close of the May 14, 2004, hearing, the trial court directed Attorney Burke to subpoena all records relating to the safe deposit box from the Bank. Attorney Burke complied and at the June 25, 2004, hearing, he testified that the records he received from the Bank clearly indicated that Mr. and Mrs. Smith jointly owned the safe deposit box. N.T., 6/25/04, at 3. Because the facts upon which Attorney Burke relied on in reaching his conclusions proved erroneous, we perceive no abuse of discretion in the trial court's decision to disregard the recommendations set forth in his report.

¶ 8 Additionally, we note Attorney Burke's testimony explaining that pursuant to the fee schedule he used to calculate Appellant's reasonable compensation, Appellant could be awarded attorney's fees for non-probate assets if he provided Mr. Randall with counseling regarding the dis-

position of the savings bonds found in the safe deposit box, if he had prepared a comprehensive and accurate tax return, or if he had provided counseling regarding investment and estate planning. However, Appellant admitted that he did not provide such counseling to Mr. Randall.

¶ 9 Appellant next argues the trial court erred by considering letters it received *ex parte* from Mr. Randall and also by calling Mr. Randall to testify in relation to those letters.

¶ 10 Appellant's contention that the trial court improperly considered the letters is belied by the record. The trial court explained during the hearing and in its opinion that the reason the letters were introduced and admitted at trial was to make Appellant aware of the improper correspondence and to provide him with an opportunity to respond. Moreover, the trial court specifically noted in its opinion that it "in no way relied on [the] documents in making its decision." Trial Court Opinion, 4/19/05, at 4. Accordingly, we find no error on the part of the trial court.

¶ 11 Order affirmed.